**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| BARBARA MOORE, individually and on behalf of all others similarly situated, | CASE NO.: |
| Plaintiff, | CLASS ACTION |
| v. | |
| ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, a North Carolina Corporation, | |
| Defendant. | |

Plaintiff Barbara Moore, ("Plaintiff") on behalf of herself and all others similarly situated, files this Class Action Complaint against Defendant Esurance Property and Casualty Insurance Company ("ESURANCE" or "Defendant") and in support states:

**NATURE OF THE ACTION**

1. This is a class action lawsuit by Plaintiff, the named insured under Defendant's form automobile policy (the "Policy") issued for private passenger auto physical damage including comprehensive and collision coverage. The Policy allows ESURANCE to adjust and settle a first-party motor vehicle total loss claim via a cash payment of "Actual Cash Value" or "ACV." Neither the Policy nor Michigan law gives ESURANCE the right to place any conditions on payment of any component of this cash payment.

2. A "total loss" occurs where the cost to repair or replace the vehicle – the loss ESURANCE promises to pay – exceeds the pre-loss ACV of the insured vehicle. In such cases, ESURANCE's liability is limited to or capped at the pre-loss ACV. ESURANCE's standardized policy language as to coverage for ACV of total loss vehicles is present in every auto policy issued

by Defendant in Michigan during the relevant time period.

3. The Policy does not define "actual cash value." When a property and casualty insurance policy does not provide a definition, Michigan courts define "actual cash value" as "replacement cost less depreciation." Also, per Michigan courts, replacement costs logically and necessarily include any costs that an insured reasonably would be expected to incur in repairing or replacing the damaged property; in this case, replacing the total loss vehicle.

4. In Michigan, an insured can reasonably expect to pay a 6% sales tax on the purchase of a replacement vehicle, because it is required by Michigan law. MCL § 205.52(1). Likewise, a Michigan insured can reasonably expect to pay title and registration fees required by law in connection with the purchase of a replacement vehicle. At a minimum, an insured will pay $8 to transfer the registration from their total loss vehicle to the replacement car (MCL § 257.809(1)) and $15 for a certificate of title. MCL §§ 257.217(1); 257.806(1), (3); 257.810a. Thus, sales tax and $23 in title and registration fees constitute costs that an insured reasonably would be expected to incur in replacing a total loss vehicle.

5. In addition, an insured in Michigan can reasonably be expected to pay a dealer documentary preparation fee as required to be disclosed in automobile installment sales contracts by MCL § 492.113(2)(a) ("dealer fees") when purchasing a replacement vehicle. Used car dealers throughout the State of Michigan ordinarily and customarily charge such a fee. In 2005, the maximum documentation fee chargeable by any car seller in Michigan was the lesser of (a) 5% of the sale price or (b) $160. MCL § 492.113(2)(a). This $160 maximum is adjusted every two years to track changes in the consumer price index. *Id.* The bi-yearly adjustment is rounded to the nearest

$ 10 increment. *Id.*[1] The overwhelming majority of used car dealers in Michigan charge the statutory maximum. Thus, dealer fees constitute costs that an insured reasonably would be expected to incur in replacing a total loss vehicle.

6. No term in the Policy conditions payment of any component of ACV (such as sales tax, title and registration fees, or dealer fees) on whether a vehicle is actually repaired or replaced and is thus incurred by the insured. Nothing in the Policy conditions payment of ACV on whether costs, including sales tax, are incurred by the insured.

7. ESURANCE breaches the Policy by failing to pay as part of the cash payment the full ACV of the loss vehicle, including all mandatory sales tax, title fees, registration fees, and dealer fees that the insured reasonably would be expected to incur in replacing the total loss vehicle. ESURANCE fails to pay any sales tax, title and registration fees, or dealer fees on total loss insurance claims, despite that such amounts are owed under the Policy and Michigan law. Each of these unpaid ACV components are costs an insured reasonably would be expected to incur in replacing a total loss vehicle.

8. On behalf of herself and a class of similarly situated Michigan ESURANCE automobile insurance policyholders, Plaintiff seeks a declaratory judgment that the Policy requires ESURANCE to unconditionally pay sales tax; vehicle title fees; registration fees; and dealer fees that an insured can reasonably be expected to incur when replacing a total loss vehicle.

9. On behalf of herself and a class of similarly situated Michigan Esurance automobile

---

[1] As of 2023, the statutory maximum was adjusted to $260.00. *See Bulletin 2023-01-CF, in re: Documentary Preparation Fee Adjustment Under the Motor Vehicle Sales Finance Act*, Mich. Dep't. of Ins. & Fin. Servs. (Jan. 13, 2023), https://www.michigan.gov/difs/-/media/Project/Websites/difs/Bulletins/2023/Bulletin_2023-01-CF.pdf?rev=79bd9755b0054d20977f0bd87258256a&hash=F58AC5C9ED062F231F5C1031053993F1#:~:text=Accordingly%2C%20the%20documentary%20preparation%20fee,or%20%2426 0.00%2C%20whichever%20is%20less.

insurance policyholders, Plaintiff also brings claims for breach of contract on behalf of herself and the proposed Class to recover damages they suffered as a result of ESURANCE's (1) failure to pay sales tax as part of its payments for total loss claims; (2) failure to pay title and registration fees for total loss claims; and (3) failure to pay dealer fees for total loss claims.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because (a) Plaintiff is a member of the putative class, which consists of at least 100 members, and Plaintiff and Defendant are citizens of different states; (b) the amount-in-controversy exceeds $5 million dollars exclusive of interest and costs; and (c) none of the exceptions under § 1332 apply to this claim.

11. Venue is proper in this court because a substantial portion of the acts and course of conduct giving rise to the claims alleged occurred within the district and Defendant is subject to personal jurisdiction in this district.

## PARTIES

12. At all times material hereto, Plaintiff Moore was a citizen of the State of Michigan and domiciled in Genesee County.

13. At all times material hereto, Defendant is and was a foreign corporation incorporated and keeping its principal place of business in the State of North Carolina. Defendant is a wholly-owned subsidiary of Allstate Insurance Company, a publicly-held Illinois corporation with its principal place of business in Illinois.

14. Defendant is licensed to conduct business in the State of Michigan.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

15. Defendant's standardized policy language as to comprehensive and collision

4

coverage for ACV of total loss vehicles is present in every auto policy issued by the Defendant in Michigan.

16. The Policy provides that ESURANCE will pay its insureds for a covered loss. That obligation to pay loss is subject to the caps set forth in the Policy's "Limits of Liability" section, which provides that the limit of ESURANCE's liability in the case of a total loss is the lesser of: (1) the loss vehicle's ACV, (2) the amount necessary to repair the property to its pre-loss condition, or (3) the amount necessary to repair the property with other property of like kind and quality. It is (and during the class period, was) ESURANCE's custom and practice to elect to pay ACV in the adjustment of total loss claims in Michigan.

17. Pursuant to the Limits of Liability for the Collision and Comprehensive coverages of the Policy, ESURANCE has the right when presented with a claim for damages to a vehicle where the cost to repair would exceed its ACV to declare the vehicle a total loss and pay in cash the lesser ACV. This cash payment is almost always paid before a policyholder purchases a replacement vehicle and its amount is independent of what the policyholder ends up spending, if anything. In fact, the policyholder may simply keep the cash payment and never replace the total loss vehicle.

18. When ESURANCE declares a vehicle a total loss, it must pay its insured the Michigan common law definition of "actual cash value," because the Policy provides no other definition. Michigan courts define ACV as "replacement cost less depreciation." *Salesin v. State Farm Fire & Cas. Co.*, 581 N.W.2d 781, 790 (Mich. App. 1998). Michigan courts have further held in the context of casualty and property insurance policies that "[r]epair or replacement costs logically and necessarily include any costs that an insured reasonably would be expected to incur in repairing or replacing the covered loss." *Salesin*, 581 N.W.2d at 790 (holding replacement cost

included contractor profit and overhead). Thus, if ESURANCE elects to pay a cash payment, as it uniformly does, it must pay "any costs that an insured reasonably would be expected to incur" when purchasing a comparable vehicle. *See id.*

19. In Michigan, "any costs that an insured reasonably would be expected to incur" necessarily includes sales tax, registration fees, and title fees because the State of Michigan requires a dealer to collect those amounts in connection with the sale and registration of a used motor vehicle. It also includes dealer fees because all or virtually all auto dealers in Michigan charge dealer fees.

20. ESURANCE refuses to pay sales tax, title and registration fees, and dealer fees in the adjustment of total loss claims in the State of Michigan, and has done so uniformly for the entirety of the class period.

## Plaintiff Moore's Total Loss Claim

21. At all times material hereto, Plaintiff Moore owned a 2017 Cadillac ATS AWD with VIN 1G6AG1RX8H0203688 ("Insured Vehicle"), which was insured under a policy issued by Defendant Esurance.

22. On or about December 10, 2022, Plaintiff suffered a loss to his Insured Vehicle. Plaintiff filed a claim for property damage with Defendant, claim number 220904949.

23. Following the filing of said claim, Defendant determined that the Insured Vehicle was a total loss with a base value of $17,307.00. The base value was calculated by a third-party vendor, Kelley Blue Book, which bases vehicles valuations on the cost to purchase similar vehicles with similar conditions and mileage.

24. In a letter dated December 27, 2022, ESURANCE affirmed Collision coverage for the Insured Vehicle as a total loss and told Plaintiff it would pay her $16,307.00, composed of the

following: the Insured Vehicle's "Actual Cash Value" of $17,307.00 minus a $1,000.00 deductible. No amounts for sales tax, title and registration fees, or dealer fees were included in ESURANCE's payment to Plaintiff.

25. ESURANCE has never paid sales tax, title fees, registration fees or dealer fees to Plaintiff. The failure to include ACV sales tax and/or title and registration fees and dealer fees in making the total loss payment to Plaintiff is a breach of the Policy, which promises to provide the full ACV of the total loss vehicle, including these mandatory replacement amounts.

26. Pursuant to its standard and uniform business practice, Defendant never pays insureds ACV sales tax, title and registration fees and dealer fees after a total loss to insureds similarly situated to Plaintiff. Defendant's failure to pay ACV sales tax, title and registration fees and dealer fees constitutes a breach of the Insurance Policy.

27. Plaintiff and all members of the putative class paid all premiums owed and otherwise satisfied all conditions precedent, or such conditions precedent were waived or excused.

## CLASS ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23.

29. Plaintiff seeks to represent on a class-wide basis all persons similarly situated, the class ("Class") defined as follows:

> All Esurance Property and Casualty Insurance Company insureds, from the earliest allowable time through the date of resolution of this action, who were or are Michigan residents who received a first-party payment on an automobile total-loss claim that did not include sales tax, title fees, registration fees, and/or dealer fees as part of the cash payment.

30. Excluded from the Class are Defendant, its subsidiaries and affiliates, its officers,

7

directors and member of their immediate families and any entity in which Defendant has a controlling interest, the legal representatives, heirs, successors or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families.

31. Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or to add subclasses if necessary, before this Court determines whether certification is appropriate.

A. **Numerosity**

32. Although the precise number of Class members are unknown to Plaintiff at this time and can only be determined through appropriate discovery, Plaintiff believes that because Defendant is a large motor vehicle insurer in the State of Michigan, the Class of persons affected by Defendant's unlawful practices consists of thousands of individuals or the putative Class is otherwise so numerous that joinder of all Class members is impractical. The unlawful practice alleged herein is a standardized and uniform practice, employed by Defendant pursuant to standardized Insurance Policy language, and results in the retention by Defendant of insurance benefits properly owed to Plaintiff and the Class members. The Class definition will permit the Court to reasonably ascertain whether any individual or entity is a member of the Class as any individual who is an insured of Defendant in the Class period and received a total loss payment on an ACV basis that did not include mandatory sales tax, title and registration fees, and dealer fees will be a Class member.

33. Upon information and belief, Defendant uniformly fails to pay sales tax and/or title and registration fees and dealer fees in total loss cases. Accordingly, the Class consists of thousands, if not tens of thousands, of Defendant's insureds who were not paid in violation of their

insurance policies. Thus, the large size of the Class renders the Class so numerous that joinder of all individual members is impracticable.

### B. Commonality

34. There are myriad common questions of law and fact in this matter because Defendant's conduct towards the members of the Class is identical. Defendant uniformly fails to pay full ACV, including sales tax, title and registration fees and dealer fees in total loss cases.

35. Plaintiff shares a common interest with all members of the putative Class in the objects of the action and the relief sought.

36. Plaintiff satisfies the commonality requirement because her claims arise from a practice which applies uniformly to all similarly situated Class members and are based on the same legal theories as all other members of the putative Class. The common questions include, but are not limited to, the following:

    a. Whether ESURANCE's refusal to pay sales tax on total loss claims on an ACV basis breaches the Policy;

    b. Whether Plaintiff and the other Class members were damaged by ESURANCE's failure to pay sales tax;

    c. Whether ESURANCE's failure to pay Michigan's $8 registration transfer fee and $15 title fee on total loss claims on an ACV basis breaches the Policy;

    d. Whether Plaintiff and other Class members were damaged in the amount of the $23 in registration/title fees that ESURANCE refused to pay; and

    e. Whether Plaintiff and the other Class members are entitled to a declaration that the Policy requires payment upfront of sales tax, title fees, registration fees and dealer fees as part of an ACV cash payment.

C. **Typicality**

37. Plaintiff's claims are typical of the claims of all other members of the Class because all such claims arise from the Defendant's failure to pay sales tax, title fees, registration fees and dealer fees on total loss claims of insured vehicles.

38. Plaintiff's and Class members' legal claims arise from the same core practices, namely, the failure to pay full ACV, sales tax, title fees, registration fees and dealer fees, for first-party total loss claims. The material facts underlying the claims of each putative Class member are the same material facts as those supporting the Plaintiff's claims alleged herein and require proof of the same material facts.

D. **Adequacy**

39. Plaintiff can and will adequately represent the putative Class and her interests are common to, and coincident with, those of all absent Class members. By proving their individual claims, Plaintiff will necessarily prove the claims of the putative Class and prove Defendant's liability to the Class. Plaintiff has no known conflicts of interest with any members of the Class; their interests and claims are not antagonistic to those of any other Class members; nor are their claims subject to any unique defenses.

40. The representative Plaintiff therefore can and will fairly and adequately protect and represent the interests of the Class.

41. Plaintiff's counsel—Normand PLLC and Milberg Coleman Bryson Phillips Grossman, PLLC—have extensive experience in complex commercial litigation, class actions, and have adequate financial resources to ensure that the interests of the Class will be well-represented.

42. If appointed Class representative, Plaintiff is aware of, and is committed to, faithfully upholding their fiduciary duties to absent Class members. Plaintiff and her counsel are

committed to the vigorous prosecution of this action and will allocate the appropriate time and resources to ensure that the Class is fairly represented.

43. Plaintiff and her counsel will therefore fairly and adequately assert and protect the interest of the Class.

E. **Predominance and Superiority**

44. A class action provides a fair and efficient method for the adjudication of this controversy. Class treatment is a superior form of adjudication than the prosecution of individual claims and provides a substantial benefit to the court and litigants by avoiding a multiplicity of suits, and the risk of inconsistent results.

45. Because Defendant's conduct was uniform with respect to all prospective Class members, common questions of law and fact predominate over individual questions.

46. Because the Class encompasses thousands of claims, a single, state-wide class action is plainly more efficient than many thousands of individual lawsuits, each requiring the same discovery and proofs. Given the relatively small amount of the claim(s) of each putative Class member, it is likely that absent class representation, such claims would not be brought, and the Class would never have appropriate redress for Defendant's improper conduct. A class action is superior and more efficient to other available methods for the fair and efficient adjudication of this controversy.

47. Class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

48. In addition, the expense and burden of individual litigation makes it a practical impossibility for individual Class members to seek redress for the wrongs alleged herein.

49. The advantages of maintaining this action as a class suit far outweigh the expense and waste of judicial effort that would result from thousands of separate adjudications or the unfairness of none at all, which is the likely outcome if the small individual claims at issue are not aggregated as a Class.

50. There are also no unusual difficulties likely to be encountered in the maintenance of this action as a class suit, and this Court can effectively manage the class action.

51. The Class is not so large that it would be unmanageable, and no difficulties are foreseen providing notice to individual claimants because Defendant keep records of insurance policies and claims of prospective Class members during the class period, including records of total loss vehicles. Therefore, both the membership of the Class and the amount of individual damages is readily ascertainable from Defendant's records.

### F. Declaratory Relief Under Rule 23

52. Class treatment is warranted because Defendant has acted or refused to act on grounds generally applicable to all the members of the Class, thereby making final declaratory relief concerning the Class appropriate.

53. Because declaratory relief is sought, class treatment ensures uniformity and consistency in results, enables the many small claims of Class members as well as claims for class-wide declaratory relief to be brought efficiently, and will provide optimum relief to Class members for their past and future injuries, as well as deter Defendant and other similar businesses from engaging in such wrongful conduct in the future.

54. Because Defendant has acted consistently towards all members of the Class,

declaratory relief is appropriate with respect to both the Class and Plaintiff's claims and is likewise subject to common proof and adjudication.

55. Based on the foregoing, class treatment is the most fair and efficient form of adjudication for this matter.

56. Plaintiff has retained the undersigned counsel and has agreed to pay reasonable attorney's fees and costs.

## COUNT I
## BREACH OF CONTRACT

57. The allegations in paragraph 1 through 56 are hereby incorporated by reference.

58. This count is brought by Plaintiff on behalf of herself and on behalf of all members of the Class.

59. Plaintiff was a party to a form contract, the Policy, with Defendant as described herein. All members of the Class are or were parties to a Policy contract with Defendant containing materially identical terms.

60. Michigan law governs the interpretation and construction of insurance policies of Plaintiff and all members of the Class with Defendant.

61. Plaintiff and all members of the Class made claims determined by Defendant to be first party total losses under the Insurance Policy and determined by Defendant to be covered claims.

62. Defendant, in paying the total loss claims, determined that Plaintiff and each Class Member complied with the terms of their insurance contracts, and fulfilled all duties and conditions under the insurance policies necessary to be paid on the total loss.

63. Pursuant to the aforementioned uniform contractual provisions, upon the total loss of insured vehicles, the Plaintiff and every Class member were owed the ACV of the vehicle.

64. Defendant breached that obligation by failing to include sales tax, title and registration fees, and dealer fees in the ACV payment, thereby failing to pay the vehicle's ACV to Plaintiff and every Class member.

65. Defendant's failure to provide the promised coverage constitutes a material breach of contract with Plaintiff and every Class member.

66. As a result of said breaches, Plaintiff and the Class have been damaged and are entitled under Defendant's insurance policies to sums representing the benefits owed for full ACV payment, including sales tax, title and registration fees, and dealer fees, as well as prejudgment and post-judgment interest, and other relief as is appropriate.

## COUNT II
## DECLARATORY RELIEF

67. The allegations in paragraph 1 through 56 are hereby incorporated by reference.

68. This count seeks declaratory relief pursuant to Federal Rule of Civil Procedure Rule 23.

69. This count is brought by Plaintiff on behalf of herself and all members of the Class.

70. Plaintiff was a party to a form contract, the Policy, with Defendant as described herein. All members of the Class are or were parties to a Policy contract with Defendant containing materially identical terms.

71. Michigan law governs the interpretation and construction of Plaintiff and all Class members' insurance policies with Defendant.

72. Plaintiff seeks a declaratory judgment that an insured is entitled to sales tax, title and registration fees, and dealer fees as part of a vehicle's ACV total loss payment under the insurance policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

73. Plaintiff contends Defendant is required to pay sales tax, title and registration fees, and dealer fees as part of a vehicle's ACV total loss payment under the insurance policies that govern Plaintiff's and the Class members' relationship with Defendant.

74. Defendant disagrees with Plaintiff's interpretation of the Insurance Policy.

75. Because of Defendant's position, Plaintiff is in doubt as to her rights under the Policy.

76. The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to entitlement to sales tax, title and registration fees, and dealer fees on covered total loss motor vehicle insurance claims.

77. The above allegations reflect that Plaintiff has presented a justiciable question as to the existence of Plaintiff's and the Class's right to sales tax, title and registration fees, and dealer fees on covered total loss motor vehicle insurance claims.

78. All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

79. Pursuant to Rule 23, Plaintiff is entitled to a declaration of her and the Class's right to sales tax, title and registration fees, and dealer fees on covered motor vehicle total loss insurance claims to resolve their doubt about their rights under the Policy considering the Defendant's position otherwise.

80. Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will move the Court for supplemental relief in the form of an order directing that the unpaid ACV amounts (sales tax, title and registration fees, and dealer fees) be paid to Plaintiff, and the Class, if certified, as well as a judgment for prejudgment interest and post-judgment interest.

**RELIEF REQUESTED**

WHEREFORE, the Plaintiff, on behalf of herself and all others similarly situated, demand a trial by jury on all triable issues and seeks relief and judgment as follows:

1. For an Order certifying this action as a Class Action on behalf of the Class described above;

2. For an Order appointing Normand PLLC and Milberg Coleman Bryson Phillips Grossman, PLLC, class counsel;

3. For an award of compensatory damages for the Class in amounts owed under the Policies;

4. For declaratory relief to be entered for Plaintiff and the Class that their interpretation of the Insurance Policy is correct, thereby requiring Defendant to pay ACV Sales Tax and Vehicle Title and Registration Fees;

5. For all other damages according to proof;

6. For an award of attorney's fees and expenses as appropriate pursuant to applicable law;

7. For costs of suit incurred herein;

8. For pre and post judgment interest on any amounts awarded;

9. For other and further forms of relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: July 24, 2023

                Respectfully submitted,

                s/ Nick Suciu III
                **MILBERG COLEMAN BRYSON**
                **PHILLIPS GROSSMAN, PLLC**
                6905 Telegraph Road, Suite 115
                Bloomfield Hills, MI 48301
                Telephone: (313) 303-3472
                nsuciu@milberg.com
                P72052

                **NORMAND PLLC**
                Joshua R. Jacobson, Esq.
                jjacobson@normandpllc.com
                3165 McCrory Place, Suite 175
                Orlando, FL 32803
                Telephone: 407-603-6031

                *Counsel for Plaintiff and Putative Class*